UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIC RING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-83-B-W |
| | ) | |
| ZF LEMFORDER CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS**

On June 4, 2009, Eric Ring moved to voluntarily dismiss the pending personal injury complaint pursuant to Federal Rule of Civil Procedure 41(a)(2), since in the opinion of his newly hired attorney, the case is not ripe for resolution. *Pl.'s Mot. for Voluntary Dismissal Pursuant to Fed. Rule 41* (Docket # 14). ZF Lemforder Corporation (Lemforder) counterintuitively objects to Mr. Ring's dismissing his lawsuit. *ZF Lemforder Corp.'s Opp'n to Pl.'s Mot. for Voluntary Dismissal Pursuant to Rule 41* (Docket # 15). Lemforder points out that while it has expended considerable time, effort, and money defending the case, Mr. Ring has been woefully dilatory. *Id.* at 2-3. According to Lemforder, Mr. Ring has utterly failed to comply with the Court's Scheduling Order, and Lemforder contends that he should not be permitted to dismiss the case to avoid the repercussions of his own lethargy. *Id.* Lemforder suggests a range of punishments from denying Mr. Ring's motion, to granting it with prejudice, to awarding attorney fees and costs. *Id.* at 4-6.

The Court is not convinced it should punish Mr. Ring for dismissing his case against Lemforder. A dismissal is its own reward; the case is over—at least for the time being. For a personal injury case to be voluntarily dismissed within a few months of filing with minimal

written discovery, without a dispositive motion, and without extensive depositions should be for Lemforder a consummation devoutly to be wished.  Further, the work Lemforder has done on the case has not gone to waste.  If Mr. Ring reinitiates the matter, Lemforder, as it acknowledges, will be able to resurrect its work product; if he never reinitiates the case, Lemforder has exited permanently and gracefully.

Whether to dismiss an action without prejudice is committed to the discretion of the Court.  *Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961); *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990).  In *Holbrook*, the Court listed applicable factors in ruling on a Rule 41(a)(2) motion:  1) the defendant's effort and expense of preparation for trial; 2) excessive delay; 3) lack of diligence on the part of the plaintiff in prosecuting the action; 4) insufficient explanation for the need to take a dismissal; and, 5) the fact that the motion is made at a critical juncture in the ongoing processing of the case.  *Holbrook*, 130 F.R.D. at 519; *Doe*, 216 F.3d at 160 (adding as a factor whether a motion for summary judgment has been filed).

The *Holbrook* Court denied the plaintiffs' motion for voluntary dismissal, but the circumstances were egregious.  The plaintiffs filed the motion after discovery had been completed and within ten days of a final pretrial conference; the plaintiffs sought dismissal to pursue an action in state court by impleading a non-diverse party, which was at that point in involuntary bankruptcy; the proposed non-diverse party was the retailer of a product and any liability imposed on the retailer would likely be passed on to the defendant manufacturer; the plaintiffs had engaged in excessive delay and a lack of diligence in prosecuting their action; the defendant had expended in excess of $50,000 to $60,000 in attorney fees in the federal action;

and, the Court found that the defendant would be required to duplicate its efforts in a new state action. *Holbrook*, 130 F.R.D. at 519-22.

Unlike *Holbrook*, in this case, "no depositions have been taken, only limited discovery has occurred, and the case has not been scheduled for trial."[1] *Young v. Johnson & Johnson Corp.*, Civil Action No. 05-2393, 2005 U.S. Dist. LEXIS 26232, at *12 (E.D. Pa. Nov. 2, 2005). The Plaintiff's motion here is a garden variety voluntary dismissal, no different from countless other lawsuits, which are voluntarily dismissed for a variety of reasons. The usual remedy for a dismissal is the imposition of costs in favor of the prevailing party, and to the extent there are cognizable costs, Lemforder is free to seek them in accordance with Local Rule 54.3. D. Me. Loc. R. 54.3.

The Court GRANTS the Plaintiff's Motion for Voluntary Dismissal Pursuant to Federal Rule 41(a)(2) without prejudice (Docket # 14).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2009

---

[1] Here, the Scheduling Order set an anticipated trial date of December 1, 2009. *Scheduling Order* at 3 (Docket # 9). The Plaintiff's motion was filed on June 4, 2009. By then, some of the Scheduling Order deadlines had passed, but the deadline for completion of discovery is not scheduled to lapse until August 18, 2009, and the deadline for the filing of dispositive motions will not do so until September 8, 2009. Further, the Scheduling Order's anticipated trial date is subject to revision depending upon whether the discovery deadline is extended, dispositive motions are filed, or other contingencies. By contrast, in *Holbrook*, on January 23, 1990, the Court mailed counsel a jury trial list, and it appears the case was vulnerable for trial on May 14, 1990, *Holbrook*, 130 F.R.D. at 518. Plaintiffs waited nearly two months and filed their motion for voluntary dismissal on March 19, 1990, within ten days of the final pretrial conference, and under the shadow of a looming trial. *Id.* at 517-19.